People v Hawkins (2023 NY Slip Op 01609)

People v Hawkins

2023 NY Slip Op 01609

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

138 KA 18-02328

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAKIESHA D. HAWKINS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered September 6, 2018. The judgment convicted defendant upon a nonjury verdict of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (five counts) and criminally using drug paraphernalia in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on each of counts 1 through 8 to a determinate term of three years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a nonjury verdict of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), five counts of criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), and two counts of criminally using drug paraphernalia in the first degree (§ 220.55).
Viewing the evidence in light of the elements of counts 1 through 4 of the indictment in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the sentence is unduly harsh and severe, and we therefore modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the sentence on each of counts 1 through 8 to a determinate term of imprisonment of three years, to be followed by the two years of postrelease supervision imposed by County Court, which thereby
produces an aggregate term of imprisonment of 12 years.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court